## The Inhabitants of Garland *vs.* The Inhabitants of Brewer.

A notification under *Stat.* 1821, *ch.* 122, *sec.* 17, is sufficient, if it be signed by the chairman of the selectmen, *eo nomine ;*—and it will be presumed that the town did not appoint any overseers of the poor, unless the contrary appear.

In this case, which was *assumpsit* for the expenses of supporting a pauper, and came up, by exceptions, from the Court below,

—the only question was—whether the notice was sufficient, it being signed—" *Isaac Wheeler*, chairman of the selectmen of said " *Garland.*"

*Gilman*, for the defendants, objected that it did not appear that the notice was signed by a majority of the *overseers of the poor*, nor by their order, nor by any person in their behalf.    And if the *selectmen* were competent to give notice, which he denied, it does not appear to be signed by *their* authority.    And he cited *Quincy v. Braintree* 5 *Mass.* 86.    *Dalton v. Hinsdale* 6 *Mass.* 501.    *Westminister v. Barnardston* 8 *Mass.* 104.

*Mc Gaw*, in reply, said that no *signature* was required, by the statute.    It was enough if the facts relative to the pauper were stated in writing by direction of the overseers.    But if it were otherwise, if the act purports to be official, it is sufficient.    The word *chairman* implies that it was the act of the board officially assembled, and certified, as is the practice in all other cases, by its presiding officer.    And as to the addition of the office of *selectmen*, the duty of relieving the poor is devolved on them by law, in all cases where overseers are not specially chosen.    *Bridgewater v. Dartmouth* 4 *Mass.* 275.

MELLEN C. J. delivered the opinion of the Court.

When a town does not elect any overseers of the poor, the selectmen are such *ex officio* ; according to the third section of the statute of 1821, *ch.* 122.    As it does not appear that the town of *Garland* had elected any oversers of the poor, we presume they had not ; and therefore the notice given in the present case, signed by *Isaac Wheeler* as chairman of the *selectmen*, is not objectionable on that account.    But it is contended that if he had signed the notice as chairman of the overseers of the poor of *Garland*, it would have been fatally defective.    We do not find any decision in *Massachusetts* which is precisely in point.    The statute provides that the overseers may send a written notification to the overseers of the poor of the town where the settlement of the pauper is alleged to be.    The form of the notification is not prescribed.

In the case of *Westminster v. Barnardston* 8 *Mass.* 104, the notification was signed by one of the overseers with the addition that he signed by order of the board of overseers, and it was held sufficient. The notification, thus signed, purported to be the act of the board ; and though there was no proof that the notification was signed by one of the overseers by order of the others, the notice was of itself deemed to be a compliance with the statute provision. In the case before us the notification is signed by *Isaac Wheeler, chairman,* &c. This is a declaration on his part, that the notification thus signed is an official act of the board of overseers. The Court receives the notice and considers it to be what it purports to be. The object of the law is to give official notice from one town to another ; so that the overseers of the town to whom the notice is sent may take such measures as they may think expedient with respect to the pauper. And in this view of the subject, we are satisfied that a notification signed by one of the overseers as *chairman,* is equally as good as one signed by an overseer by order of the board of overseers. In both cases the act purports to be, and is considered to be, an official act of the board ; and is therefore legal and sufficient.

The exceptions are overruled, and the judgment of the Court of Common Pleas is affirmed.